UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 10-10414-WGY |
| | ) |
| KEVIN B. KELLY, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on December 7, 2010, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Kevin B. Kelly (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One), Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314 (Count Two), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Three);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1343 or § 2314 alleged in the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of all other property of the

Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 6, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on September 9, 2010;

WHEREAS, in Section 11 of the plea agreement, the Defendant agreed to forfeit to the United States "any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of his guilty plea;"

WHEREAS, the assets to be forfeited include without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate;

WHEREAS, the Defendant further admitted in the plea agreement that the amount of $929,891.00 in United States currency represents the amount of proceeds traceable to violations of 18 U.S.C. §§ 1343 and 2314, charged in Counts One and Two of the Information, to which he pled guilty, and the Defendant therefore consented to an order of forfeiture in the amount of $929,891.00 in United States currency;

WHEREAS, the Defendant also acknowledged and agreed in the plea agreement that the $929,891.00 in proceeds cannot be located upon the exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, and accordingly, the Defendant agreed to forfeit, as "substitute assets," without limitation, the following items:

    a.    one John Deere Tractor bearing Vehicle Identification Number TCM0502608M and serial number 97-685N462;

  b.  one ATV Polaris Sportsman bearing Vehicle Identification Number 4XAMH76A46A651466; and

  c.  one Chevrolet Corvette bearing Vehicle Identification Number 1G1YY26E985100647,

(collectively, the "Properties");

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.  Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the

United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the

Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ William G. Young
WILLIAM G. YOUNG
United States District Judge

Dated: March 23, 2011