UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-10414-WGY |
| ) | |
| KEVIN B. KELLY, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**YOUNG, D.J.**

WHEREAS, on December 7, 2010, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Kevin B. Kelly (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One), Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314 (Count Two), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Three);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1343 or § 2314 alleged in the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of all other property of the

Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 6, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on September 9, 2010;

WHEREAS, in Section 11 of the plea agreement, the Defendant agreed to forfeit to the United States "any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of his guilty plea;"

WHEREAS, the assets to be forfeited include without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate;

WHEREAS, the Defendant further admitted in the plea agreement that the amount of $929,891.00 in United States currency represents the amount of proceeds traceable to violations of 18 U.S.C. §§ 1343 and 2314, charged in Counts One and Two of the Information, to which he pled guilty, and the Defendant therefore consented to an order of forfeiture in the amount of $929,891.00 in United States currency;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on January 6, 2011, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $929,891.00 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $929,891.00 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 2314;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would

consist of a personal money judgment against the Defendant in the amount of $929,891.00 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $929,891.00 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment

entered by this Court against the Defendant.

/s/ William G. Young
WILLIAM G. YOUNG
United States District Judge

Dated: March 23, 2011