UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | |
| | ) | |
| KEVIN KELLY | ) | |
|         Defendant, | ) | COURT # 1:10-CR-10414-WGY |
| | ) | |
|         *and* | ) | |
| | ) | |
| BRANCH, BANK & TRUST CO. | ) | |
|         Garnishee. | ) | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF
MOTION FOR PROPOSED ORDER OF GARNISHMENT**

The United States of America (hereinafter the "United States") submits the following memorandum in support of its motion for proposed order of garnishment directing the garnishee, Branch, Bank & Trust Co., to pay over all funds held on behalf of the defendant, Kevin Kelly (hereinafter "Kelly"), to the United States District Court for the District of Massachusetts to be applied to Kelly's outstanding restitution balance, pursuant to 28 U.S.C. § 3205(c)(7).

**BACKGROUND INFORMATION**

On April 7, 2011, the United States District Court for the District of Massachusetts entered a judgment against the defendant for the sum of $930,191.00, plus accruing interest at the rate of .270% percent per annum.

Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States Attorney General is responsible for enforcing restitution orders. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). To implement this responsibility, on February 23, 2012, the United States moved for enforcement against Kelly by applying for a writ of garnishment against

all funds disbursed by the garnishee, Branch, Bank & Trust Co., pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA").[1]

On March 12, 2012, the garnishee filed an answer with this Court stating it has possession of funds held on behalf of the defendant. The defendant, however, did not request a hearing within the required time period as set forth in 28 U.S.C. § 3205(c)(7).

## ARGUMENT

As mentioned above, pursuant to the MVRA, the United States Attorney General is responsible for enforcing restitution orders. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). The MVRA sets forth certain procedures for the collection of criminal fines and restitution. See 18 U.S.C. § 3613(a). More specifically, the MVRA provides that:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[2]

---

[1] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment with the specified information with the Court. If the Court determines that the requirements are met, the Court issues the writ of garnishment. 28 U.S.C. § 3205(c)(1). Once the Court issues the writ of garnishment, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so. 28 U.S.C. § 3205(c)(3). Included with the service of the writ on the garnishee is an instruction explaining the requirement that the garnishee submit a written answer to the writ. 28 U.S.C. § 3205(c)(3)(A). Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and for obtaining a hearing on the objections. 28 U.S.C. § 3205(c)(3)(B). The garnishee shall answer the writ within 10 days of service. 28 U.S.C. § 3205(c)(2)(E). The defendant and the United States have 20 days after receipt of the answer to file an objection and request a hearing. 28 U.S.C. § 3205(c)(5). After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as practicable. 28 U.S.C. § 3205(c)(7).

[2] These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; annuity or pension

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines is also available for the enforcement of restitution.

The MVRA further provides that the imposition of a criminal fine or order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." See 18 U.S.C. § 3613(c); see also United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007)(an order of restitution is, in effect, a tax lien against the defendant's property); United States v. Novak, 476 F.3d 1041, 1049 (9th Cir. 2007)(MVRA uses language replicating a tax levy); United States v. Irving, 432 F.3d 401, 417 (2nd Cir. 2005) ("Moreover, § 3613(c) demands that criminal fines in favor of the United States should be enforced in the same manner as a tax liability would be enforced."); United States v. James, 312 F.Supp.2d 802, 805 (E.D.Va 2004)(MVRA creates an exception to the anti-alienation provision for fines and restitution orders which are to be treated as liens on the defendant's property equivalent to the liability for delinquent taxes assessed under the Internal Revenue Code.); United States v. Laws, 352 F.Supp.2d 707, 710 (E.D.Va 2004)(an order of restitution may be enforced against all property

---

payments under the Railroad Retirement Act; benefits under the Railroad Unemployment Insurance Act; special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll; and annuities based on retired or retainer pay for the military under 10 U.S.C. § 1431, et seq.; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act.  26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

or rights to property of the individual subject to the restitution order, except for property exempt from tax levy.); United States v. Tyson, 242 F.Supp.2d 469, 473 (E.D.Mich. 2003)("[A]n order of restitution is the functional equivalent of, and to be treated precisely as, a tax liability."); United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D.Ok 2002)("Thus, for purposes of enforcement, a criminal fine is to be treated the same as a lien for the payment of delinquent income taxes.").

## CONCLUSION

Therefore, the United States respectfully requests that this Court enter an order of garnishment so that the United States can apply the funds disbursed by the Branch, Bank & Trust Co. to the Kelly's outstanding restitution and/or fine debt.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:   /S/ Christopher R. Donato
    CHRISTOPHER R. DONATO
    Assistant U.S. Attorney
    John Joseph Moakley Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    (617) 748-3303

Dated: April 19, 2012

## CERTIFICATE OF SERVICE

     I hereby certify that on April 19, 2012, this document was filed through the ECF system and sent electronically to any registered participants and/or a paper copy was sent by mail to those indicated as non-registered participants.

                        By:    /S/ Christopher R. Donato
                                CHRISTOPHER R. DONATO
                                Assistant U.S. Attorney